UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH RIDEAUX,

                        Petitioner,                Case No. 2:15-cv-10774
                                                        Hon. Denise Page Hood

v.

MITCH PERRY,

                        Respondent.

_____/

**OPINION AND ORDER 1) DENYING PETITIONER'S "MOTION TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR UNTIMELINESS," [Dkt. 5], 2) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [Dkt. 1], 3) DENYING A CERTIFICATE OF APPEALABILITY, AND 4) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

      This is a habeas case brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Kenneth Rideaux was convicted in the Oakland Circuit Court after a jury trial of two counts of third-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520d(1)(b). He was sentenced as a fourth-time habitual offender to concurrent terms of 10-to-30 years in prison. The petition enumerates eighteen different grounds for relief.

      Upon initial review of the petition, it appeared to the Court that review was barred by the statute of limitations under 28 U.S.C. §2244(d). The Court ordered Petitioner to show cause why the petition should not be dismissed as untimely, and

Petitioner has filed a response. Petitioner acknowledges that his petition was filed after expiration of the one-year statute of limitations, but he asserts that he is entitled to equitable tolling because he is actually innocent. For the reasons stated below, the petition is dismissed for failure to comply with the statute of limitations. Petitioner's certificate of appealability and permission to appeal in forma pauperis are denied.

## I. Background

After Petitioner was convicted of the above offenses, he filed a direct appeal in the Michigan Court of Appeals. Petitioner's appeal raised four claims: 1) insufficient evidence was presented at trial to sustain Petitioner's convictions, 2) Petitioner's sentence violates the Eighth Amendment, 3) the trial court erred in sentencing Petitioner as a habitual offender, and 4) the trial court should have departed downwards from the sentencing guideline range. The Michigan Court of Appeals affirmed. ECF 1-2, pg ID 101; *People v. Rideaux*, No. 281533 (Mich. Ct. App. March 12, 2009). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by standard order on September 11, 2009. ECF 1-2, pg ID 104; *People v. Rideaux*, No. 138764 (Mich. Sup. Ct. Sept. 11, 2009).

According to the petition, Petitioner filed a motion for relief from judgment in the trial court on July 21, 2010. The motion raised seventeen claims. The trial court denied the motion in an opinion and order dated July 20, 2012. ECF 1-2, pg ID 105-

108. Petitioner appealed this decision through the state appellate courts. His application for leave to appeal was denied by the Michigan Court of Appeals on October 8, 2013. ECF 1-2, pg ID 109; *People v. Rideaux*, No. 314384 (Mich. Ct. App. Oct. 8, 2013). The Michigan Supreme Court then denied relief on May 27, 2014. ECF 1-2, pg ID 111; *People v. Rideaux*, No. 148137 (Mich. Sup. Ct. May 27, 2014).

Petitioner signed and dated his federal habeas petition on February 24, 2015.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether Petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006).

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a

one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA's one-year limitations period is tolled when a prisoner seeks collateral review of his conviction in state court. *Wall v. Kholi*, 131 S. Ct. 1278, 1282, 179 L. Ed. 2d 252 (2011)("the 1-year limitation period is tolled during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' § 2244(d)(2)"). Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed

before the limitations period expires. *See* 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner does not contest in his reply to the show cause order that the petition was untimely filed under the statute. The limitations period began to run when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). Petitioner does not allege that any of the other potential starting points apply. The Michigan Supreme Court denied his application for leave to appeal September 11, 2009, and the expiration of time for seeking direct review ceased 90 days later on December 10, 2009, when the time expired for Petitioner to file a petition for writ of certiorari in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitations period continued to run until Petitioner filed a motion for relief from judgment with the trial court on July 21, 2010. See 28 U.S.C. § 2244(d)(2). That is, 222 days ran on the limitations period between the expiration of  time for seeking direct review and the date on which the limitations period began to toll under § 2244(d)(2).

The limitations period tolled under § 2244(d)(2) from the time Petitioner filed his state post-conviction review proceeding until the date relief was denied by the Michigan Supreme Court on May 27, 2014. *See Carey v. Saffold*, 536 U.S. 214,

219-20 (2002).  It should be noted that the state court proceeding merely tolled the limitations period, it did not restart the one-year clock. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)). The limitations period starting running again the day after the Michigan Supreme Court denied relief, and it continued running until Petitioner commenced the present action when his counsel filed it with the Court on February 24, 2015. This second period in which the limitations period ran spanned 272 days.

Adding the two periods in which the statute of limitations ran together, 494 days–or well more than one year–passed before Petitioner commenced this action. The petition is therefore untimely under the terms of the statute.

Petitioner's response to the show cause order asserts that the petition is nonetheless entitled to review because Petitioner is actually innocent. The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup*, 513

U.S., at 329). In determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id*. (quoting *Schlup*, 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's response to the show cause order asserts that his actual innocence claim is supported by the evidence attached to his petition. This evidence amounts to written allegations about what Petitioner believes defense witnesses would have testified to at trial if they had been called at trial. In brief, Petitioner lists seven defense witnesses who he claims would have testified they heard complainant state she falsely accused Petitioner. ECF 1-1, Page ID 96-97. Petitioner does not provide any purported statements or affidavits from the witnesses themselves. Petitioner has also filed copies of the hospital records and police reports containing statements made by the complainant, which he claims are inconsistent with her trial testimony.

Petitioner's case falls outside of the actual innocence tolling exception, because

he has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner's speculation about what alleged defense witnesses' testimonies would have been– which is not supported by the statements or affidavits of the witnesses themselves– falls far short of demonstrating actual innocence. The Court has examined the various statements by the complainant attached to the petition. The statements consistently describe the circumstances of the sexual assault. Inconsistencies– such as whether Petitioner threatened to cut the complainant's head off or choke her to death– do not demonstrate Petitioner's innocence. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (It is "the responsibility of the trier of fact. . . to resolve conflicts in the testimony."). Petitioner has not made a tenable actual-innocence gateway plea, and therefore he has not demonstrated grounds to equitably toll the statute of limitations.

Accordingly, the petition will be dismissed for failure to comply with § 2244(d).

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

-8-

right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the Court concludes that jurists of reason would not find the court's procedural ruling that the petition is untimely debatable. The Court will also deny Petitioner permission to appeal in forma pauperis because any appeal would be frivolous.

### V. Order

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus **[Docket No. 1, filed March 2, 2015]** is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to show cause why case should not be dismissed for untimeliness **[Docket No. 5, filed June 3, 2015]** is

**DENIED.**

      **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

      **IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is

**DENIED.**

      **IT IS FURTHER ORDERED** that a copy of this opinion and order by served

upon the Michigan Attorney General, Appellate Division.


                      **S/Denise Page Hood**\
                      **Denise Page Hood**\
                      **United States District Judge**

**Dated:  July 31, 2015**

**I hereby certify that a copy of the foregoing document was served upon counsel
of record on July 31, 2015, by electronic and/or ordinary mail.**

                      **S/LaShawn R. Saulsberry**\
                      **Case Manager**

-10-