UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH RIDEAUX,

          Petitioner,         Case No. 2:15-cv-10774
                                        Hon. Denise Page Hood

v.

MITCH PERRY,

          Respondent.
_____/

**ORDER REQUIRING RESPONDENT TO FILE ANSWER TO
PETITIONER'S MOTION FOR RECONSIDERATION [Docket No. 8]**

This is a habeas case brought by a state prisoner pursuant to 28 U.S.C. § 2254. The Court summarily dismissed the petition under 28 U.S.C. § 2244(d) after it determined that the case was filed after expiration of the one-year statute of limitations.

Presently before the Court is Petitioner's motion for reconsideration. **[Docket No. 8, filed August 12, 2015]**. Petitioner asserts that he failed to disclose in his response to the Court's show cause order that he still has two post-conviction motions pending in the state trial court that continue to toll the limitations period and render the present habeas petition timely filed.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. The movant must not only demonstrate a palpable defect by which the court and the parties

have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

As explained in the opinion and order dismissing this case, Petitioner's habeas application appeared to be untimely filed because 222 days ran on the limitations period from the time he completed direct review until the time he claims he filed for state post-conviction review. The Court found that another 272 days ran on the limitations period from the date the Michigan Supreme Court denied post-conviction relief on May 27, 2014, until the date he commenced this action on February 24, 2015.

Petitioner contests the second leg of the limitations period, claiming that two additional post-conviction motions, filed on January 24, 2008, and March 24, 2010, remain pending in the state trial court. Petitioner asserts that the limitations period therefore continues to be tolled under 28 U.S.C. § 2244(d)(2).

Based on the limited record filed by Petitioner and an examination of the state trial court docket sheet, the Court is unable to determine whether there is merit to Petitioner's contention. It appears that the motion to vacate sentence filed on January 24, 2008, occurred prior to Petitioner's appeal of right and may have been resolved

as part of the direct review proceeding. The trial court docket sheet confirms that Petitioner filed a motion on March 24, 2010, but it is impossible to tell whether an order dated April 19, 2010, disposed of that motion, or whether it can nevertheless still be regarding as "pending" under § 2244(d)(2).

For the foregoing reasons, **IT IS ORDERED** that a copy of this opinion and order be served upon counsel for Respondent, by first-class mail, the Michigan Attorney General, Appellate Division, 525 West Ottawa - 4th Floor, P.O. Box 30217, Lansing, Michigan 48909.

**IT IS FURTHER ORDERED** that Respondent shall file an answer to Petitioner's motion for reconsideration within 60 days of the date of this order along with any portions of the state court record relevant to a determination of the timeliness of the petition.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: November 4, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on November 4, 2015, by ordinary mail.

S/Kelly Winslow for  
LaShawn R. Saulsberry  
Case Manager Generalist