UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH RIDEAUX,

                Petitioner,              Case No. 2:15-cv-10774
                                              Hon. Denise Page Hood

v.

MITCH PERRY,

                Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [Dkt. 8], GRANTING PETITIONER A CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This is a habeas case brought by a state prisoner pursuant to 28 U.S.C. § 2254. The Court summarily dismissed the petition for failing to comply with the statute of limitations under 28 U.S.C. §2244(d). Petitioner filed a motion for reconsideration, asserting that the Court did not factor in two motions filed in the state trial court which he argues tolled the limitations period. The Court ordered Respondent to file a response to the motion for reconsideration and to file the relevant portions of the state court record. After consideration of the parties' arguments and the state court record, the Court will deny Petitioner's motion for reconsideration.

## I. Standard of Review

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

## II. Analysis

In his original response to the Court's order to show cause, Petitioner did not contest that the petition was untimely filed under the terms of the statute. He also did not disclose the fact that he filed the two motions now the subject of his motion for reconsideration.

As the Court explained in more detail in its order of dismissal, the limitations period began to run on December 11, 2010, the day after  Petitioner's conviction became final under  28 U.S.C. § 2244(d)(1)(A). The Court found that the limitations period began tolling under § 2244(d)(2) when Petitioner filed his

motion for relief from judgment in the state trial court on July 21, 2010. Under§ 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Meanwhile, 222 days ran on the limitations period. The limitations period stopped tolling after Petitioner completed post-conviction review on May 27, 2014, and continued running until Petitioner commenced this action on February 24, 2015. This was another period of 272 days in which the limitations period ran. Adding the two periods together, 494 days ran on the limitations period.

Petitioner's motion for reconsideration asserts that he filed two additional motions in the trial court–one on January 24, 2008, and one on March 24, 2010. He asserts that these motions were never decided by the trial court. He argues that because these two motions are technically still pending, the statute of limitations is still tolling under § 2244(d)(2).  Respondent's reply asserts in part that neither of these motions constitute applications for post-conviction review under § 2244(d)(2), and therefore the Court's initial calculations were correct.

Neither of the two motions cited by Petitioner count as applications for post-conviction review under this section. First, Petitioner's January 24, 2008, motion

was a motion to vacate sentence that was filed *before* Petitioner's direct appeal.

Petitioner raised the same claim he raised in this motion as one of the claims he

asserted on direct review, and the state courts denied relief. This motion was

obviously not a post-conviction motion under § 2244(d)(2). See *Wall v. Kholi*, 562

U.S. 545, 552 (2011) (collateral review is review that is not part of the direct

review process).

   Petitioner's March 24, 2010, motion, which was actually dated and received

by the trial court on February 22, 2010, was labeled by Petitioner as an

"Independent Motion for Evidentiary Hearing For Fraud Upon the Court." Dkt. 13-

10. The motion purported to be filed under Michigan Court Rule 2.612(C)(1)(c), a

rule pertaining to relief from judgment in civil actions, not criminal ones. The

motion alleged that the prosecutor committed fraud in the sentencing information

report regarding Petitioner's criminal history. Id., p. 2. The motion requested an

evidentiary hearing on the matter. Id., pp. 3-4. The trial court did not rule on the

motion, and therefore there is no basis on which to conclude that despite its label it

was treated as a properly filed application for post-conviction review. About four

months later, Petitioner properly filed a motion for relief from judgment under the

applicable state rules of criminal procedure, raising the same claims as well as

others, and seeking relief from judgment. See Dkt. 13-11, p. 2. The motion was

denied and subsequently the state appellate courts denied relief.

Petitioner's February 22, 2010, motion did not statutory toll the limitations period for two reasons. First, it was filed under a state court rule applicable only to civil actions, and therefore it was not a properly filed "application for State post-conviction or other collateral review" under § 2244(d)(2), and the record indicates that the trial court ignored it. See *McMullan v. Roper*, 599 F.3d 849, 852-53 (8th Cir. 2010) (petition to reopen judgment was not "properly filed" when it was filed under rule that did not pertain to criminal judgments); *Simms v. Acevedo*, 595 F.3d 774, 780 (7th Cir. 2010) (petition for rehearing "not a proper vehicle" to challenge denial of post-conviction review motion and therefore did not toll limitations period). Second, the motion only sought an evidentiary hearing to show that the sentencing court relied upon fraudulent material in sentencing Petitioner. See *Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir. 2001) (application seeking documents to develop challenge does not toll the statute of limitations); *Woodward v. Cline,* 693 F.3d 1289, 1293 (10th Cir. 2012) (motion for DNA testing does not directly challenge pertinent judgment and does not toll limitations period); c.f. *Moss v. Woods*, No.13-1038, at 4 (6th Cir. Jan. 14. 2014) (improperly labeled motion for evidentiary hearing warranted tolling where trial court treated it as a properly filed motion for new trial). Petitioner's motion was filed under a court

rule pertaining only to civil actions and it did not directly challenge his judgment.

The trial court ignored it, and therefore unlike in *Moss*, there is no basis to

conclude that the state courts treated it as a properly filed application for post-

conviction review. The motion did not toll the limitations period.

Accordingly, the Court finds that Petitioner is not entitled to statutory tolling

and the motion will therefore be denied.

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See

28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the

merits, the substantial showing threshold is met if the petitioner demonstrates that

reasonable jurists would find the court's assessment of the claim debatable or

wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies

relief on procedural grounds without addressing the merits, a certificate of

appealability should issue if it is shown that jurists of reason would find it

debatable whether the petitioner states a valid claim of the denial of a

constitutional right, and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling. *Id.* Having undertaken the

requisite review, the Court concludes that jurists of reason might find the court's procedural ruling that the petition is untimely debatable because of an absence of Sixth Circuit precedent on whether a motion filed under a state court rule pertaining to civil actions that was ignored by the state trial court can toll the limitations period under § 2244(d)(2). The Court will also grant Petitioner permission to appeal in forma pauperis because any appeal would not be frivolous.

### V. Order

For the foregoing reasons, **IT IS ORDERED** that Petitioner's motion for reconsideration **(No. 8)** is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED.**

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **GRANTED.**

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  March 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager